# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

# LAREDO DIVISION

| | | |
|---|---|---|
| TERRY NEWLAND, ET. AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. L-97-133 |
| | § | |
| WAYNE SCOTT, | § | |
| | § | |
| Defendant. | § | |

## O R D E R

Pending are several of the Plaintiffs' motions to proceed *in forma pauperis*. Examination of Plaintiff TERRY NEWLAND's motion shows that the Plaintiff's current account balance in his prisoner account is $5.34. Over the past six months the Plaintiff has had an average monthly balance in his account of $28.53 and has had average deposits into his account of $66.67. Based on this information, it is ORDERED:

1)  Plaintiff Newland's motion to proceed *in forma pauperis* is GRANTED except as to the filing fee of $150.00.

2)  Pursuant to 28 U.S.C. §1915(b)(1)(A), the Plaintiff is instructed to forward to the Clerk a check in the amount of $13.33 which represents 20% of the Plaintiff's average monthly deposits for the past six months. Failure to return this amount within ten (10) days from the date of this order will result in this Court's RECOMMENDATION that this case be DISMISSED for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). Thereafter, dismissal of this case by the District Court is entirely possible.

3)  The Cotulla Unit of the Texas Department  of Criminal Justice - Institutional

Division (TDCJ-ID) in Cotulla, Texas is ORDERED to withdraw from the Plaintiff's account an amount equal to 20% of each month's deposits into the Plaintiff's account and transmit such funds to the Clerk anytime the Plaintiff's account balance is greater than $10.00. The Cotulla Unit will continue to provide the Court with such funds until the full filing fee of $150.00 is paid. These payments will begin on November 1, 1997, unless the Cotulla Unit is notified otherwise by the Court in the interim.

4)      Plaintiff Newland is notified that even after payment of all or any portion of the filing fee, this case may still be dismissed pursuant to 28 U.S.C. §1915 if it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

5)      If Plaintiff Newland wishes to cease the prosecution of this action at this time, and thus avoid the withdrawal of funds from his account, he may notify the Court of such a desire by completing the attached form motion to voluntarily dismiss this action. When the completed form is received by the Court, the case will then be DISMISSED without prejudice and no further funds will be withdrawn from the Plaintiff's account.

As to Plaintiffs ANTHONY JONES, LEROY HUDSON, CHARLES O. TAPP and CLIFFORD KIMMEL, examination of the record shows that these Plaintiffs have not complied with the amended provisions of 28 U.S.C. §1915. Accordingly, it is ORDERED:

1)      The Plaintiffs ANTHONY JONES, LEROY HUDSON, CHARLES O. TAPP and CLIFFORD KIMMEL, shall provide the Court with an application to proceed *in forma pauperis* which includes:

a) a certification by an authorized official of the Texas Department of Criminal

2

Justice - Institutional Division (TDCJ-ID), E & R Accounting in Huntsville, Texas, which,

b) informs the Court of each Plaintiff's current account balance,

c) his average account balance for the preceding six (6) months, and

d) his average monthly deposits into that account for the preceding six (6) months.

Failure to return the completed form within thirty (30) days from the date this order is signed will result in this Court's RECOMMENDATION that this case be DISMISSED for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). Thereafter, dismissal of this case by the District Court is entirely possible.

2)      After receipt of this information, the Court will require the Plaintiffs to pay the $150.00 filing fee. If it appears from the records that the Plaintiffs are unable to pay the full amount in one lump sum, they will be required to pre-pay a portion of the amount. Thereafter, the Plaintiffs will be required to pay the remainder of the balance in increments as funds are received by him.

3)      Plaintiffs ANTHONY JONES, LEROY HUDSON, CHARLES O. TAPP and CLIFFORD KIMMEL are notified that even after payment of all or any portion of the filing fee, this case may still be dismissed pursuant to 28 U.S.C. §1915 if it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

4)      If the Plaintiffs wish to cease the prosecution of this action at this time, and thus avoid the withdrawal of funds from his account, they may notify the Court of such a desire by completing the attached form motion to voluntarily dismiss this action. When the completed form is received by the Court, the case will then be DISMISSED without prejudice and no funds will be withdrawn from the Plaintiffs' accounts.

3

The Clerk is DIRECTED to serve copies of this ORDER and the Plaintiffs' original complaint on the Defendant by personal service. The Defendant shall have 30 days from service to file an answer or other appropriate pleading as to the allegations made by Plaintiff Newland only. If the Defendant cannot discern which claims can be attributed to which Plaintiffs, then the Defendant shall file a pleading which addresses all of the claims made by the Plaintiffs. Those claims which do not pertain to Plaintiff Newland may be DISMISSED at a later date, if appropriate, pending Plaintiffs ANTHONY JONES, LEROY HUDSON, CHARLES O. TAPP and CLIFFORD KIMMEL's compliance with this ORDER.

IT IS SO ORDERED.

DONE at Laredo, Texas, this 21ST day of November, 1996.

_____
MARCEL C. NOTZON
UNITED STATES MAGISTRATE JUDGE

4